[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative appeal, filed pursuant to General Statutes § 8-8(b), from the decision of the defendant, the zoning board of appeals for the town of Union (ZBA), refusing to overturn the decision of the planning and zoning commission of that town (PZC), allowing a landowner and codefendant, McNerny and Green Co., Inc., d/b/a the Connecticut Charcoal Company, to replace two old, brick kilns, used to make charcoal, with new, metal kilns.
The plaintiff, Jane Harwood, owns land that is within a radius CT Page 12804 of 100 feet from the land used for charcoal production, and which land was the subject of the decisions by the PZC and ZBA. The court finds that the plaintiff is an "aggrieved person" as that phrase is defined by General Statutes § 8-8(a)(1).
The charcoal company uses land located at 623 Buckley Highway in Union to process wood into charcoal by means of a number of brick kilns. Charcoal has been produced in this fashion on the property for many years, and this use is, under the present zoning regulations, a nonconforming one. Because two brick kilns have deteriorated over time, the charcoal company wants to replace those kilns with modern, metal ones.
The charcoal company sought a permit to effect this replacement by filing an application with the PZC. This application included plans depicting that portion of the charcoal company's property to be affected by the replacement. Union has no designated zoning enforcement officer, and, by virtue of General Statutes § 8-12 and Union Zoning Regulation § 5.01, the duty of enforcing zoning regulations falls to the PZC.
On October 6, 1993, at a special meeting, the PZC informed the charcoal company that no zoning permit was required by the proposed activity (Return of Record, Item 4). The PZC based its decision that no permit was necessary on its determination that the existing zoning regulations allow replacement of deteriorated structures employed to continue a nonconforming use without the necessity of the issuance of a permit.
The plaintiff owns property across the highway from the charcoal-making operation. Under General Statutes § 8-6, the plaintiff appealed from the decision of the PZC to the ZBA (Return of Record, Item 1). On November 30, 1993, a hearing was held by the ZBA to address the appeal. The ZBA affirmed the decision of the PZC (Return of Record, Item 2). The plaintiff now appeals to the court from this affirmance by the ZBA.
The plaintiff's position is that a permit to replace the brick kilns is mandated by Union Zoning Regulation § 5.02.01. That regulation reads as follows:
Section 5.02.01 Permit Required
 No land use shall be established or changed and no building or structure shall be used, erected, CT Page 12805 constructed, moved, enlarged or altered, in whole or in part, until a Zoning Permit has been issued by the Commission or its authorized agent.
The plaintiff argues that the metal kilns are structures which cannot be used, erected, or constructed until a zoning permit issues. There is no dispute that the kilns are "structures" under the definition of that term contained in Union Zoning Regulation § 2.02.
The defendants counter that Union Zoning Regulation § 2.05.01, along with § 2.05.05, exempts repair or replacement of nonconforming structures from the permit requirement of § 5.02.01. These regulations read as follows:
Section 2.05.01 Non-conforming Uses
 Any non-conforming use, including non-conforming buildings and structures, lawfully existing as of the effective date of these regulations or any amendment thereof shall be permitted to continue notwithstanding any other provision of these regulations or any amendment thereof.
Section 2.05.05 Alterations and Repairs
 A building or structure containing a non-conforming use may be altered or improved, but not extended or enlarged, and may be repaired or reconstructed as made necessary by wear and tear or deterioration. Substantial improvements to building or manufactured homes in the Floodprone Areas Zone shall not be permitted.
When reviewing the actions of the authority responsible for zoning enforcement, a zoning board of appeals acts in a quasi-judicial capacity. In this capacity, a zoning board of appeals must interpret zoning ordinances and determine their applicability to the facts of the specific case before it, Lawrence v. ZBA,158 Conn. 509, 513 (1969). Ultimately, however, the court must decide whether the board's interpretation was correct, Id.
Regulation 5.02.01 is unclear as to whether the use, execution, construction, or alteration of a structure which merely amounts to replacement of an older version of itself without establishing a new use or expansion of an old use comes within its CT Page 12806 purview. Taken literally, as the plaintiff contends, a landowner could not replace an old in-ground mailbox with a new one, without first obtaining a zoning permit. Nor could a property owner paint a structure a different color without "altering" it, so as to require securing a zoning permit beforehand.
The PZC and ZBA declined to interpret § 5.02.01 in this fashion. Instead, those agencies read the first clause of that regulation, which limits the need for a permit to the creation of a new use or change of an old one, to also limit the second clause concerning the use, erection, construction, or alteration of a structure or building. Consequently, the repair or replacement of an existing structure which maintains the current usage requires no permit.
The court finds this interpretation consistent with other provisions in the town's zoning scheme. Regulation 2.05.01 expressly exempts nonconforming uses and structures from "any other provision of these regulations." Regulation 2.05.05 specifically allows the rebuilding, repair, and improvement of structures employed in nonconforming uses without the loss of status as a nonconforming use. Read together, these regulations appear to exempt from the permit requirement the substitution of deteriorated structures with sounder ones as long as the character of the usage remains unchanged.
The plaintiff argues that the PZC and ZBA had no way of knowing whether the output of metal kilns is significantly higher than that of brick ones and, therefore, acted unreasonably and arbitrarily in excusing the charcoal company from the permit requirement. This fear of enlargement of the nonconforming is pure speculation. If the metal kilns produce charcoal at substantially greater rates than sound brick ones, that issue can be addressed when such enlargement becomes apparent, and a permit to use such kilns might be necessary. There was no evidence before the PZC or ZBA to justify a conclusion that the metal kilns are more than simply modernized replacements for dilapidated equipment.
The plaintiff has failed to demonstrate the ZBA acted unreasonably, arbitrarily or illegally in declining to require the charcoal company to obtain a permit to substitute new kilns for the old ones. The appeal is denied.
Sferrazza, J. CT Page 12807